**UNITED STATES v. PAN AMERICAN
AIRWAYS, Inc., et al.**

No. 992–M.

District Court, S. D. Florida,
Miami Division.

June 23, 1941.

Herbert S. Phillips, U.·S. Atty., of Tampa, Fla., and George A. Smathers, Asst. U. S. Atty., of Miami, Fla., for plaintiff.

James E. Yonge, of Miami, Fla., for defendants.

HOLLAND, District Judge.

This case is before me on a motion to strike pleas numbered 1, 2 and 3. These pleas present the same matters of law which were presented by a demurrer to the declaration, and which demurrer has been heretofore overruled. The suit is instituted by the United States of America as plaintiff against Pan American Airways, Inc., a New York corporation, and National Surety Corporation, a New York corporation. Both defendants unsuccessfully demurred, and these attacked pleas are filed on behalf of both defendants.

The questions presented are important, and I have again heard counsel, and again have fully considered the law involved, although it is thus twice presented to the Court.

I have determined that the pleas are bad. The suit is based upon a written instrument, under seal, executed by the defendants as principal and surety, on January 20, 1934. The amount of the bond is $5,000, and was given to cover any liability of the principal from time to time for penalties or fines imposed, and return of passage money required, in the case of aliens brought to the United States by the principal, or in any air craft under its control, pursuant to the provisions of certain sections of the Immigration Act of May 26, 1924, 8 U.S.C.A. § 201 et seq. It is made to appear by the sealed instrument that under the Immigration Act the vessel against which the fines or penalties had been imposed could not obtain clearance papers until liability is determined and the fines or penalties paid unless a bond be filed, and the condition of the bond was to cover such obligations of the principal, and provided for the payment to the Collector of Customs of such fines and amounts of passage money found by the Secretary of Labor to be due and payable under the provisions of the Immigration Act of 1924. The declaration alleged that the Secretary of Labor did find to be due and payable by the principal a fine in the amount of $1,000, and passage money in the amount of $22, after a fine proceeding had been held by the Secretary of Labor under the provisions of the Immigration Laws of the United States, and that such had been levied against the principal on the bond as the owner of a certain airplane, for having brought to the United States at Miami, in Dade County, Florida, from a foreign country a certain alien on February 3, 1935, and the declaration alleged that the bringing in of the said alien by the principal had been made to appear to the satisfaction of the Secretary of Labor to be in violation of the Immigration Laws. The declaration alleged that demand had been made upon the principal and the surety for the payment of the fine and passage money, and that the defendants had failed and refused to pay, and that the United States of America as the real party in interest was entitled to, and did, bring this suit to recover.

As stated the sufficiency of the declaration was tested by demurrer, and this sufficiency was sustained. The defendants are not entitled to question the assessment of the fine and the order to pay the passage money, since that obligation to pay comes squarely within the terms of the written instrument sued upon. The defendants contend that the Air Commerce Act, passed on May 20, 1926, 44 Stat. 568, chapter 344, with amendments, 49 U.S.C.A. § 171 et seq., with the penalties of $500 provided therein, preclude a liability of the defendants based upon an assessment of moneys due by the Secretary of Labor imposing a penalty provided by an Immigration Act passed in 1924. The defendants contend that after passage of the Air Commerce Act, which was passed May 20, 1926, and in which penalties of $500 were provided, that there was no authority for the Secretary of Labor to impose a specific penalty of $1,000 as provided for in the Immigration Act of 1924.

There is a clear and sufficient answer to this contention, in that the bond sued upon, which was executed on January 20, 1934, precludes the defendants from making this argument. There is an estoppel to make the contentions so made because as stated the bond itself, executed in 1934, specifically contemplates the execution and levy of fines by the Secretary of Labor in pursuance of the Immigration Act of 1924.

In the next place, and aside from this estoppel, the argument of the defendants is not sound. Because of the amendments to the Act in 1934 and 1938, as hereinafter referred to, it is well in an analysis of the argument to read Sections 177 and 181 of the original Act of May 20, 1926, and determine just what was contemplated by

the Congress in 1926 by said Section 177, 49 U.S.C.A. § 177. It is clear that Congress enacted that the navigation and shipping laws as then in force should not apply to air commerce. By subdivisions (b), (c), and (d) of said Section 177, the Secretary of the Treasury, Secretary of Commerce, and the Secretary of Labor, respectively, were authorized by regulations to provide for the application to civil air navigation of the laws and regulations relating to the administration of the customs, public health, the entry and clearance of vessels, and to the administration of the immigration laws. Section 181 of the Act embraces the subject matter of the designation of certain specific offenses as well as providing penalties. Under subdivision (a) of said Section 181 there are specific infractions provided for in navigation. Then in subdivision (b) of said Section 181 there is a specific provision for penalties, both for the violation of the navigation regulations and for the violation of any entry or clearance regulations made under Section 7, 49 U.S.C.A. § 177 (which necessarily means Section 7(c) or the violation of any customs or public health regulations made under such Section (which necessarily means subdivision (b) of said Section 7), or for the violation of any immigration regulation made under said Section (which necessarily means subdivision (d) of said Section 7 of the Act). The $500 provided for in said Air Commerce Act, as originally enacted in 1926, refers to regulations adopted by an executive officer of the Government, and made applicable to air commerce, but does not apply to a specific provision (carrying a specified penalty) of either the customs laws, those relating to public health, the entry and clearance of vessels, or to the immigration laws, and which specific laws relating to those subjects are made by executive order applicable to air commerce. When an executive officer makes applicable to air commerce an immigration law for instance, which carries a specific penalty as enacted by the Congress in passing the Immigration Act, there was no intention of Congress, in my opinion, in enacting the Air Commerce Act in 1926, to substitute a $500 penalty provided for in the Air Commerce Act for a penalty imposed for a violation of the said immigration law. It is clear that the $500 penalty was as to any regulation adopted by an executive officer, and made applicable to air craft commerce, and as to such regulation Congress fixed the $500 penalty. But as to any law of Congress carrying a penalty, made applicable to air commerce by executive order, the penalty provided by Congress in the first instance does apply. In no instance does the executive officer legislate in regard to a penalty; Congress has legislated in both instances. When by executive order an immigration law which carries a $1,000 penalty is made applicable to air commerce, then in my opinion the $1,000 penalty is applicable, and such is the case by reason of Congressional action, and not by executive legislation, but rather by executive administration.

While the above clearly sets forth my views, I think it well to refer to the amendments to the Air Commerce Act, because in reading the Act as it is found in the U.S.C. A. with the amendments, some confusion of understanding arises unless the progress of air commerce legislation is closely followed. The Act of June 19, 1934, 48 Stat. 1116, was by the caption to provide for "the forfeiture of aircraft used in violation of customs laws." In dealing with this subject, and specifically with legislating upon the subject matter of forfeiture of aircraft, it became necessary to repeat the provisions as to the civil penalty of $500. The civil penalty of $500 twice appearing in the Act, as it appears in the books, was occasioned by Congress dealing with the matter of forfeiture of aircraft when used in violations of the customs laws alone as distinguished from the immigration laws, and those pertaining to the entry and clearance of vessels.

There is another Act properly referred to, and that is the Act passed on June 23, 1938, that amendment correcting the very evident error in printing or in the reference to Sections of the law when the Act of June 19, 1934, was enacted. In the original Act passed in 1926, and before there was an attempt to deal with the forfeiture of vessels for violations of the customs laws, there was no occasion to deal with these various subsections under Section 7 of the Act, when legislating on the subject of penalties in Section 181 of the Act, for violation of some regulation. But when in 1934 the customs laws were dealt with separately in regard to the forfeiture of aircraft, then Congress in that Act of June 19, 1934, made reference to the various subsections under Section 7. But there was no intention of Congress in 1934, as it clearly appears, to change the original Act of 1926, with reference to the penalties of $500 for regulation infractions, and the penalties

of an Immigration Act, when made applicable to air commerce by executive order for infractions of an immigration law.

For the reasons above stated, pleas 1, 2 and 3 are bad, and for the further reason that some of the pleas attempt to here litigate in the Court factual matters which were a predicate for the action of the Secretary of Labor in the assessment of the fine. These matters cannot be litigated here, but are the subject matter of an appeal through proper channels from the action of the Secretary of Labor in levying the fine and ordering paid the passage money.

The motion to strike pleas numbered 1, 2 and 3 is granted.